J-S06030-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
STEVEN ALAN GARDNER :
:
Appellant : No. 549 WDA 2024

Appeal from the PCRA Order Entered March 8, 2024
In the Court of Common Pleas of Butler County Criminal Division at
No(s): CP-10-CR-0000219-1995

BEFORE: PANELLA, P.J.E., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY LANE, J.: **FILED: April 29, 2025**

Steven Alan Gardner ("Gardner") appeals *pro se* from the order
dismissing his serial petition filed pursuant to the Post Conviction Relief Act
("PCRA").[1] We affirm.

In 1995, a jury convicted Gardner of shooting and killing his roommate,
and on October 23, 1995, the trial court sentenced him to life in prison. This
Court affirmed the judgment of sentence, and on January 22, 2001, our
Supreme Court denied allowance of appeal. **See Commonwealth v.
Gardner**, 764 A.2d 1122 (Pa. Super. 2000) (unpublished memorandum),
*appeal denied*, 785 A.2d 87 (Pa. 2001). Gardner did not petition the United
States Supreme Court for review.

In the ensuing years, Gardner filed numerous PCRA petitions, each of
which the PCRA court denied or dismissed, and this Court affirmed each of the

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

orders on appeal. *See generally Commonwealth v. Gardner*, 106 A.3d 156 (Pa. Super. 2014) (unpublished memorandum) (listing Gardner's various petitions and affirming PCRA court's denial of a serial petition where it was jurisdictionally time-barred and Gardner did not meet any timeliness exception); *see also Commonwealth v. Gardner*, 285 A.3d 908 (Pa. Super. 2022) (unpublished memorandum) (affirming the dismissal of Gardner's serial PCRA petition for failure to timely file a concise statement pursuant to Pa.R.A.P. 1925(b)).

On October 17, 2022, Gardner filed the instant *pro se* PCRA petition, his eleventh.[2] Therein, Gardner purported to raise numerous issues of ineffectiveness of counsel, challenges to the sufficiency and weight of the evidence supporting his convictions, and claims of judicial bias. Although Gardner generally acknowledged that his petition was untimely, he asserted a timeliness exception only as to two ineffectiveness issues. Specifically, as it relates to his first ineffectiveness claim against trial counsel, Gardner argued that he met the newly-discovered facts exception because he only recently learned of counsel's ineffectiveness via a copy of a letter that she sent him. As for his second ineffectiveness issue, raised against each of his prior counsel, Gardner argued it was timely pursuant to a new constitutional right established in *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021) (holding

---

[2] When this Court last tallied Gardner's PCRA petitions in 2014, we were addressing his seventh petition. *See Gardner*, 106 A.3d at 156. As Gardner has filed multiple PCRA petitions since then, our review of the record reflects that the current petition is his eleventh.

"that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal").

In September 2023, the PCRA court appointed Ryan James ("Attorney James") as counsel.[3, 4]  Attorney James subsequently filed a motion to withdraw and a "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), wherein he concluded that Gardner's claims were untimely without meeting any exception to the PCRA's one-year time bar. Attorney James explained that: (1) Gardner did not meet the newly-discovered facts exception because he was previously aware of the information contained in trial counsel's letter; and (2) Gardner did not meet the newly-recognized constitutional right exception because **Bradley** did not

_____

[3] Between the time he filed his *pro se* petition and the date that the PCRA court appointed counsel, Gardner filed multiple motions urging the PCRA court to act on his petition.  Neither the PCRA court nor the Commonwealth responded to these motions.  Additionally, after the court appointed counsel, Gardner filed multiple *pro se* documents, which the court identified as legal nullities.  **See Commonwealth v. Williams**, 151 A.3d 621, 623 (Pa. Super. 2016) (explaining that hybrid representation is not permitted in Pennsylvania and that *pro se* motions submitted while a defendant is represented by counsel have no legal effect and thus constitute legal nullities).

[4] As this was not Gardner's first PCRA petition, he did not have a right to the appointment of counsel.  **See** Pa.R.Crim.P. 904(C) (requiring appointment of counsel only on a first PCRA petition).  Nonetheless, the PCRA court exercised its discretion to appoint him counsel.

introduce a retroactive constitutional right. ***See*** "No-Merit" Letter, 12/11/23, at 7-10.

On January 8, 2024, the PCRA court granted Attorney James' motion to withdraw and issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing. Gardner filed a *pro se* response to the notice. On March 8, 2024, the PCRA court dismissed the petition as untimely. Gardner filed a timely *pro se* notice of appeal, and both he and the PCRA court complied with Pa.R.A.P. 1925.

Gardner raises the following issues for our review:

1. Is the post-conviction court judge errant by relying on and; **'adopting'** [Attorney James'] ***"adverse filing"*** on [Gardner's] case, withstanding that the judge states an independent review?

2. Was the post-conviction court in error failing to grant and conduct a hearing on [Gardner's] action when directing [Attorney James] to pursue the hearing and; when [Gardner] further requested the court to afford him a hearing through the P.C.R.A. actions filed?

3. Was the post-conviction court in error failing to grant and conduct a ***'Grazier hearing'*** on [Gardner's] action when [Gardner] requested a hearing due to [Attorney James'] ***"adverse filing"*** on [Gardner's] post-conviction action?

4. Is the post-conviction court errant for ignoring that the respondents/attorney for respondents never answered to, failed to file any opposition(s) towards this case matter, and there-fore have **waived** the right to [all-of-the-sudden] file action(s) on this case; even on appeal?

Gardner's Brief at 4 (emphasis and some brackets in original, issues reordered for ease of disposition).

Our standard of review of an order dismissing a PCRA petition is well-settled:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, any petition, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania, or at the expiration of time for seeking such review. *See* 42 Pa.C.S.A. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

As explained above, on January 22, 2001, our Supreme Court denied Gardner's petition for allowance of appeal from his judgment of sentence. As Gardner did not petition the United States Supreme Court for review, his

- 5 -

judgment of sentence became final ninety days later, on April 23, 2001.  **See** U.S. Sup. Ct. R. 13 (stating appellant must file a petition for writ of *certiorari* in the United States Supreme Court within ninety days after entry of judgment by a state court of last resort).  As a result, Gardner had one year from that date, until April 23, 2002, to timely file a PCRA petition.  **See** 42 Pa.C.S.A. § 9545(b)(1).  As he filed the instant petition on October 17, 2022, it is facially untimely.

Nevertheless, Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of three exceptions set forth under section 9545(b)(1).  These exceptions are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).  Any petition attempting to invoke one of these exceptions "shall be filed within one year of the date the claim could have been presented."  42 Pa.C.S.A. § 9545(b)(2).  Our Supreme Court has emphasized that "it is the petitioner who bears the burden to allege and prove

that one of the timeliness exceptions applies." ***Commonwealth v. Marshall***, 947 A.2d 714, 719 (Pa. 2008) (citation omitted).

In his first issue, Gardner argues the PCRA court erred by accepting and relying on Attorney James' "no-merit" letter to dismiss his petition as untimely filed.[5] In essence, Gardner argues that the PCRA court erroneously determined that he failed to satisfy the PCRA timeliness exceptions for newly-discovered facts and a newly-recognized constitutional right pursuant to subsections 9545(b)(1)(ii) and (iii). To invoke the newly-discovered facts exception, the petitioner must allege and prove that the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence. ***See*** 42 Pa.C.S.A. §

_____

[5] As part of this issue, Gardner argued that the PCRA court erred by accepting Attorney James' "no-merit" letter because the letter did not list each of the issues that Gardener identified in his *pro se* petition. As explained above, in addition to his ineffectiveness claims, Gardner's *pro se* petition purported to raise numerous issues challenging the sufficiency and weight of the evidence and claims of judicial bias. However, our review of counsel's "no-merit" letter reflects that although Attorney James did not specifically list each of these numerous issues, he nonetheless addressed and discussed them within his timeliness analysis and explained why each lacked merit. As such, we determine that Attorney James' "no-merit" letter substantially complied with the requirements of ***Turner/Finley***. ***See Commonwealth v. Miranda***, 317 A.3d 1070, 1075 (Pa. Super. 2024) (stating that PCRA counsel's "no-merit" letter does not satisfy the mandatory requirements of ***Turner/Finley*** if it "does not discuss all of the issues that the convicted defendant has raised in [his] PCRA petition and explain why they lack merit"); ***see also Commonwealth v. Karanicolas***, 836 A.2d 940, 947 (Pa. Super. 2003) (holding that substantial compliance will satisfy the ***Turner/Finley*** requirements). Accordingly, we find no merit to Gardener's ancillary claim that the PCRA court should not have accepted the "no-merit" letter on the basis of this perceived deficiency.

9545(b)(1)(ii). Pertinently, our Supreme Court has held that a claim that previous counsel was ineffective is not a newly-discovered fact entitling an appellant to the benefit of the newly-discovered facts exception. *See Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 785 (Pa. 2000) (holding that a claim for ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits because a conclusion that previous counsel was ineffective is not the type of after-discovered evidence encompassed by the exception).

To satisfy the newly-recognized constitutional right exception, a petitioner must plead and prove that the right asserted is a constitutional right recognized by the Supreme Court of the United States or the Pennsylvania Supreme Court, and the right has been held to apply retroactively to cases on collateral review within the previous year. *See Commonwealth v. Spotz*, 171 A.3d 675, 679 (Pa. 2017). This Court has repeatedly ruled that *Bradley* did not announce a new constitutional right, much less one applicable retroactively. *See Commonwealth v. Hernandez*, 309 A.3d 1081 (Pa. Super. 2023) (unpublished memorandum); *see also Commonwealth v. Johnson*, 296 A.3d 583 (Pa. Super. 2023) (unpublished memorandum) (noting that it is clear *Bradley* did not recognize a new constitutional right); *Commonwealth v. Dixon*, 290 A.3d 702 (Pa. Super. 2022) (unpublished

memorandum) (holding **Bradley** does not trigger the timeliness exception of section 9545(b)(1)(iii)).[6]

Notably, invoking either of these exceptions requires a petitioner to plead and prove that he could not have obtained the information underlying these exceptions more than one year before he filed his petition. **See** 42 Pa.C.S.A. § 9545(b)(2) (stating that any petition invoking a timeliness exception shall be filed within one year of the date the claim could have been presented); **see also Commonwealth v. Stokes**, 959 A.2d 306, 309-10 (Pa. 2008) (explaining that section 9545(b)(2) "requires a petitioner to plead and prove that the information on which he relies could not have been obtained earlier, despite the exercise of due diligence").

Gardner argues that both Attorney James and the PCRA court mistakenly determined that his initial ineffective assistance of trial counsel claim failed to meet the newly-discovered facts exception. He points out that on November 29, 2021, trial counsel authored a letter in which she admitted to providing ineffective assistance. Specifically, trial counsel related that she gave Gardner incorrect information at trial regarding his right to refuse the instruction of voluntary manslaughter. Although she originally believed the decision to ask for this instruction was a constitutional right held by Gardner,

---

[6] An unpublished non-precedential memorandum decision of the Pennsylvania Superior Court, filed after May 1, 2019, may be cited for its persuasive value. **See** Pa.R.A.P. 126(b)(1)-(2).

she indicated in her letter that she has since realized that it was a strategy decision for counsel and that she should have asked the court for this instruction. As such, Gardner avers that because he was not aware of this ineffectiveness prior to receiving the letter, and because he filed his petition raising this ineffectiveness claim within one year of receiving the letter, he satisfied the newly-discovered facts exception.

Gardner similarly contends that his claim of ineffectiveness against each of his prior counsel was timely pursuant to the newly-recognized constitutional right exception. Pertinently, Gardner argues that our Supreme Court's holding in **Bradley** afforded him a newly-recognized, retroactive constitutional right to bring each of his ineffectiveness claims against prior PCRA and trial counsel. Thus, Gardner appears to assert that, because he filed his petition within one year of the **Bradley** decision, he met the newly-recognized constitutional right timeliness exception.[7]

After reviewing the record, we determine that Gardner's PCRA petition failed to satisfy the newly-discovered facts and newly-recognized

_____

[7] In his appellate brief, Gardner additionally argues that he was the victim of judicial bias. However, as explained above, he did not plead or prove in his *pro se* petition that this claim met one of the PCRA's enumerated timeliness exceptions. Thus, because his petition is facially untimely, and he did not assert a timeliness exception in relation to this claim, neither this Court nor the PCRA court had jurisdiction to address it. **See Marshall**, 947 A.2d at 719 (holding "it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies"); **see also Albrecht**, 994 A.2d at 1093 (stating a court may not address the merits of the issues raised in an untimely filed PCRA petition).

- 10 -

constitutional right exceptions. As explained above, a claim of ineffective assistance of previous counsel cannot satisfy the newly-discovered facts exception to the PCRA's one-year time bar. *See Gamboa-Taylor*, 753 A.2d at 785. Accordingly, we conclude that Gardner's first ineffectiveness claim does not satisfy the newly-discovered facts exception.

With respect to the newly-recognized constitutional right exception, Gardner needed to plead and prove that the right asserted is a constitutional right recognized by the Supreme Court of the United States or the Pennsylvania Supreme Court, and that the right has been held to apply retroactively to cases on collateral review within the previous year. *See Spotz*, 171 A.3d at 679. However, our review of *Bradley* uncovers no such retroactive constitutional right. *See Hernandez*, 309 A.3d at 1081 (unpublished memorandum); *see also Johnson*, 296 A.3d at 583 (unpublished memorandum); *Dixon*, 290 A.3d at 702 (unpublished memorandum). While *Bradley* expanded the opportunities afforded to a PCRA petitioner to raise ineffectiveness claims in the context of a *timely* PCRA petition, it did not establish a retroactive constitutional right to bring these claims in an untimely PCRA petition. *See Commonwealth v. Branthafer*, 315 A.3d 113, 123 (Pa. Super. 2024) (clarifying that "*Bradley* expanded the opportunities afforded a petitioner to raise ineffectiveness claims, albeit still requiring that the petitioner satisfy the jurisdictional one-year time-bar

requirement"). As such, Gardner failed to satisfy the newly-recognized constitutional right exception.

As Gardner did not plead or prove any other timeliness exception to the PCRA's one-year time bar, we conclude that he failed to invoke the PCRA court's jurisdiction to consider the merits of the issues he raised in his *pro se* petition. **See Albrecht**, 994 A.2d at 1093. Accordingly, Gardner's first issue is without merit.

In his second issue, Gardner contends that the PCRA court abused its discretion by dismissing his petition without conducting an evidentiary hearing. The PCRA court may dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by any further proceedings. **See** Pa.R.Crim.P. 909(B)(2). To obtain an evidentiary hearing prior to the dismissal of a PCRA petition, the appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the PCRA court otherwise abused its discretion in denying a hearing. **See Commonwealth v. D'Amato**, 856 A.2d 806, 820 (Pa. 2004). However, as we determined that Gardner's instant PCRA petition is untimely without meeting any exception to the PCRA's one-year time bar, the record does not reflect that any genuine issues of fact remained that would entitle him to an evidentiary hearing. Therefore, we conclude that the PCRA court properly

exercised its discretion in dismissing his petition without an evidentiary hearing. *See id*.

In his third issue, Gardner argues the court erred by failing to conduct a *Grazier*[8] hearing in relation to Attorney James' motion to withdraw. Pursuant to Rule 904(C), "when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's *first* petition for post-conviction collateral relief." Pa.R.Crim.P. 904(C) (emphasis added). An indigent criminal defendant thus has a rule-based right to the assistance of counsel on his *first* PCRA petition. *See Commonwealth v. Kelsey*, 206 A.3d 1135, 1139 (Pa. Super. 2019). While not mandatory, Rule 904(E) permits the PCRA court to exercise its discretion to appoint counsel for a petitioner in connection with a subsequent petition "whenever the interests of justice require it." Pa.R.Crim.P. 904(E). Pursuant to Rule 904(F)(2), when counsel is appointed, the appointment "shall be effective throughout the post-conviction collateral proceedings, including any appeal from disposition of the petition for post-conviction collateral relief." Pa.R.Crim.P. 904(F)(2).

---

[8] *See Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998) (holding that "[w]hen a waiver of the right to counsel is sought at the post-conviction and appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one").

When appointed, PCRA counsel's duty is to either: (1) amend the petitioner's *pro se* petition and present the petitioner's claims in acceptable legal terms, or (2) certify that the claims lack merit by complying with the mandates of ***Turner***/***Finley***. ***See Commonwealth v. Cherry***, 155 A.3d 1080, 1083 (Pa. Super. 2017). Where counsel seeks to withdraw under ***Turner***/***Finley***, he must file a "no-merit" letter detailing his review of the case and his explanation why each of the issues the petitioner seeks to raise are meritless. ***Kelsey***, 206 A.3d at 1139. Importantly, when the ***Turner***/***Finley*** process is followed and PCRA counsel is permitted to withdraw, the petitioner's rule-based right to counsel has been fully vindicated. ***See Commonwealth v. Gibson***, 318 A.3d 927, 933 (Pa. Super. 2024). Upon the withdrawal of court-appointed PCRA counsel pursuant to ***Turner***/***Finley***, new counsel shall ***not*** be appointed and the petitioner is ***not*** entitled to counsel on appeal. ***See Commonwealth v. Maple***, 559 A.2d 953, 956 (Pa. Super. 1989). Instead, the petitioner must thereafter look to his or her own resources for whatever further proceedings there might be. ***See id***.

Here, Gardner contends the PCRA court abused its discretion by not conducting a ***Grazier*** hearing prior to its dismissal of his PCRA petition. Based on our review of the record, however, we discern no abuse of discretion or error of law by the trial court in declining to conduct this hearing. As explained above, Rule 904(C) provides a rule-based right to the appointment of counsel in connection with a petitioner's ***first*** PCRA petition. As this was not Gardner's

first PCRA petition, he did not have a right to the appointment of counsel in this matter. Nonetheless, the PCRA court exercised its discretion to appoint him counsel. However, upon its review of counsel's "no-merit" letter, the PCRA court entered an order permitting counsel to withdraw. *See* PCRA Court Order, 1/9/24, at unnumbered 1. Thus, following this order, Gardner did not have a right to the appointment of replacement counsel. *See Maple*, 559 A.2d at 956. Consequently, because a *Grazier* hearing only concerns a petitioner's choice to voluntarily relinquish his right to counsel, and because Gardner did not have a right to counsel that he could relinquish following Attorney James' withdrawal, we conclude his third issue is meritless. *See Grazier* 713, A.2d at 82.

In his final issue, Gardner argues that because the Commonwealth failed to answer or respond to Gardner's *pro se* petition, or any of the *pro se* documents he filed in support of his petition, the Commonwealth has waived its right to contest the issues in this matter and should not have been permitted to file a brief on appeal.

Relevantly, pursuant to Rule of Criminal Procedure 906, the Commonwealth is not required to file a response to a PCRA petition in a non-capital case, such as the instant matter, nor does its decision to refrain from filing such a response result in any adverse inference or consequence to the Commonwealth. Rule 906 provides:

> [A]n answer to a petition for [PCRA] relief [in a non-capital case] is not required unless ordered by the judge. When the judge has

- 15 -

not ordered an answer, the attorney for the Commonwealth may elect to answer, but the failure to file one shall not constitute an admission of the well-pleaded facts alleged in the petition.

Pa.R.Crim.P. 906(A); *see also Commonwealth v. Kapellusch*, 323 A.3d 837, 846 (Pa. Super. 2024) (interpreting Rule 906(A) to hold that a "PCRA court did not err or abuse its discretion in declining to deem [a]ppellant's version of the facts admitted due to the Commonwealth's failure to answer"); *Commonwealth v. Hudson*, 156 A.3d 1194, 1199-1200 (Pa. Super. 2017) (discerning that Rule 906(A) does not require the Commonwealth to contest an appellant's petition prior to its dismissal by default).

Our review of the record discloses that the PCRA court never ordered the Commonwealth to respond to Gardner's PCRA petition. As such, the Commonwealth did not need to file an answer to Gardner's petition, nor did its restraint from doing so equate to an admission to each of Gardner's claims. *See* Pa.R.Crim.P. 906(A); *see also Kapellusch*, 323 A.3d at 846. Accordingly, because nothing precluded the Commonwealth from filing a brief in opposition to Gardner's instant appeal, we conclude Gardner's final issue is without merit.

As we have determined that none of Gardner's issues merit relief, we affirm the PCRA court's order dismissing his petition.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

4/29/2025